13-4739
*United States of America v. Hammond*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 23rd day of January, two thousand fifteen.

Present:     ROBERT A. KATZMANN,
                   *Chief Judge*,
             AMALYA L. KEARSE,
             REENA RAGGI,
                   *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

          *Appellee*,

          - v -                                    No. 13-4739

TYRON HAMMOND, AKA N.O., AKA TYRONE HAMMOND,

          *Defendant-Appellant.*

_____

For Defendant-Appellant:        J. PATTEN BROWN, III, West Hartford, CT


For Appellee:                   ANTHONY E. KAPLAN, Assistant United States Attorney
                                (Marc H. Silverman, Assistant United States Attorney, *on
                                the brief*), *for* Deirdre M. Daly, United States Attorney for
                                the District of Connecticut, New Haven, CT

1

Appeal from the United States District Court for the District of Connecticut (Hall, *C.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,**

and **DECREED** that the judgment of the district court is hereby **AFFIRMED**.

Defendant-Appellant Tyron Hammond appeals from a judgment of conviction entered on

December 12, 2013 by the United States District Court for the District of Connecticut (Hall,

*C.J.*). Hammond challenges the district court's denial of his motion to suppress evidence seized

from a New Haven, Connecticut residence. We assume the parties' familiarity with the relevant

facts, the procedural history of the case, and the issues presented for review.

On appeal, Hammond contends that the district court erred by admitting the seized

evidence under the inevitable discovery doctrine. The record reveals, however, that the district

court denied Hammond's motion to suppress for two separate reasons: first, that the evidence

had been lawfully seized pursuant to a search warrant executed subsequent to Hammond's arrest,

and second, that even assuming the evidence had been seized during the arrest, it would have

been inevitably discovered during the subsequent search. *See* Gov't App'x 117—119, 124.

Hammond confines his appellate brief to the issue of inevitable discovery, and does not

argue that the district court erred by finding that the evidence was lawfully seized pursuant to a

search warrant. Accordingly, he has abandoned any challenge to that conclusion. *See, e.g.*,

*LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) (citing Fed. R. App. P. 28(a)(6)).

Because that conclusion supplied an independently sufficient basis for denying Hammond's

motion to suppress, we see no error.

Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK